

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kenneth Samuel Moses,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:07cv894 (LMB/BRP) |
| R.H. Powell,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Kenneth Samuel Moses, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of indecent exposure. On December 20, 2007, respondent filed a Rule 5 Answer, Motion to Dismiss, memorandum in support that Motion and Notice pursuant to Local Civil Rule 7(K). Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, petitioner's claims will be dismissed.

### I. Background

On August 8, 2001, a 10-year-old girl was in the checkout area of a department store with her mother. See Moses v. Commonwealth, 611 S.E.2d 607, 608 (Va. 2005); Tr. Trans. at 89-90. The girl testified that while he was "rubbing" his penis through his pants, petitioner told her that she was "very beautiful." Moses, 611 S.E.2d at 359; Tr. Trans. at 91. Outside the store the girl reported the incident to her mother. Tr. Trans. at 94-95. On December 4, 2001, an 11-year-old girl was in another department store with her mother. Moses, 611 S.E.2d at 359; Tr. Trans. at 27. The girl testified that she saw petitioner behind an aisle display rack looking at her and "rubbing himself ...

[i]n his private area." Tr. Trans. at 82-83. The girl's mother paid for her merchandise and then momentarily walked away from the girl. See Tr. Trans. at 84. Petitioner then approached the girl and "told [her] that [she] was a pretty little girl and ... asked how [her] butt felt." Moses, 611 S.E.2d at 359; Tr. Trans. at 84. Later in the store parking lot, the girl reported the incident to her mother. Tr. Trans. at 86.

After his arrest, petitioner admitted to his participation in both incidents. Moses, 611 S.E.2d at 360. Petitioner informed police that he had participated in 40 to 50 similar incidents with girls. Tr. Trans. at 56, 60. Petitioner explained that he frequented department stores because "the crowd" was present there and because he could "wander around and look at people." Moses, 611 S.E.2d at 360; Tr. Trans. at 57. He explained further that because he had no other "sexual outlet," he engaged in this behavior to "let[] off steam" in an effort to "fulfill [his] sex drive." Moses, 611 S.E.2d at 360; Tr. Trans. at 57.

Petitioner was found guilty on January 14, 2003 of two misdemeanor counts of indecent exposure and one felony count of taking indecent liberties with a child after a bench trial in the Circuit Court for the City of Lynchburg, Virginia. Tr. Trans. At 110; Resp. Ex. 1, Order dated Jan 14, 2003. On March 14, 2003, the trial court sentenced petitioner to ten years imprisonment with four years suspended and 24 months in jail, for an active total sentence of eight years incarceration. Id., Sentencing Order. Petitioner appealed to the Court of Appeals of Virginia, arguing that the evidence was insufficient to support his conviction for the two counts of indecent exposure and that the trial court erred by allowing testimony in a victim impact statement that included information not listed in Virginia Code § 19.2-299.1. Resp. Ex. 2, Pet. for Appeal. Petitioner did not appeal his conviction for taking indecent liberties with a child. See id. On September 30, 2003, a single judge

of the Court of Appeals of Virginia granted the petition for appeal in part as to petitioner's sufficiency claim. Id., Moses v. Commonwealth, R. No. 0985-03-2, slip op. at 1 (Va. Ct. App. Sept. 30, 2003). The judge denied the petition for appeal as to petitioner's claim with respect to the victim impact testimony because that claim was procedurally defaulted pursuant to Va. Sup. Ct. R. 5A:18. Id. at 2-3. On August 10, 2004, a panel of the Court of Appeals of Virginia reversed petitioner's conviction on the two counts of indecent exposure. Id., Moses v. Commonwealth, 600 S.E.2d 162, 169 (Va. Ct. App. 2004). The Commonwealth moved for review by the en banc court, and on April 12, 2005, the en banc court reversed the panel and affirmed petitioner's conviction. Id., Moses v. Commonwealth, 511 S.E.2d 607, 611 (Va. 2005). Petitioner appealed to the Supreme Court of Virginia, and on September 8, 2005, that court denied his petition for appeal. Resp. Ex. 3, Moses v. Commonwealth, R. No. 051012 (Va. Sept. 8, 2005).

On September 9, 2005, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the City of Lynchburg, Virginia, alleging nine instances of ineffective assistance of counsel, four instances of prosecutorial misconduct, and five instances of denial of his right to a fair trial. Resp. Ex. 4, Habeas Corpus Petition. By Order dated December 4, 2006, the circuit court dismissed the petition. Id., Moses v. Dir., Dep't of Corrections, R. No. CL0600731, slip op. (Cir. Ct. Dec. 4, 2006). Petitioner appealed to the Supreme Court of Virginia, which refused the petition for appeal on July 3, 2007. Resp. Ex. 5, Moses v. Dir., Dep't of Corrections, R. No. 070443 (Va. July 3, 2007). Petitioner filed the instant petition for a writ of habeas corpus on August 24, 2007. He claims that (1) the evidence was insufficient to support his conviction for the two indecent exposure counts, (2) the trial court violated his right to due process by violating the mandatory provisions of Virginia's so-called victim impact statute and (3) his attorney rendered ineffective

3

assistance.

## II. Motion to Set Aside

Petitioner has filed a Motion to Set Aside respondent's Rule 5 Answer and Motion to Dismiss, alleging that both were untimely filed and unresponsive to the petition. It is unclear from his Motion why petitioner believes respondent's Rule 5 Answer and Motion to Dismiss were untimely filed, but, in any event, the Court concludes that the answer and motion, filed well within the 60-day time period mandated by the Order of November 5, 2007, were timely.[1] In support of his claim that the Rule 5 Answer and Motion to Dismiss should be stricken from the record, petitioner points out that the memorandum of law in support of the Motion to Dismiss contains several errors. Specifically, petitioner points out that the memorandum 1) erroneously states that petitioner was sentenced to six years of incarceration and that state court records were requested from the counties of Brunswick and Arlington (instead of the City of Lynchburg), Virginia and 2) lacks sequential numbering for certain paragraphs. Although petitioner is correct that respondent's memorandum of law in support of the Motion to Dismiss contains some scrivener's errors, the presence of such errors is insufficient to warrant the striking of the timely-filed Motion to Dismiss or the Rule 5 Answer. Therefore, petitioner's Motion to Set Aside will be denied.

---

[1] On November 5, 2007, the Court ordered respondent to show cause why the writ should not be granted. By that Order, respondent was given 60 days within which to file a response and to forward the records of petitioner's state criminal trial and habeas corpus proceedings to the Clerk's Office. The records from petitioner's trial, appeal and habeas corpus proceedings in state court were received in the Clerk's Office on December 3 and 5, 2007. Respondent filed its Rule 5 Answer and Motion to Dismiss on December 20, 2007. As such, respondent timely complied with the November 5, 2007 Order.

### III. Exhaustion and Procedural Default

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition. See Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that in order for a claim to be considered exhausted, it must be " ' fairly presented' to the state courts," meaning that "both the operative facts and the 'controlling legal principles' "must be presented to the state court.").

This does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an

independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Furthermore, federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Claim 2 concerns petitioner's due process challenge to the trial court's alleged violation of provisions of Virginia's so-called victim impact statute, see Virginia Code §§ 19.2-295.3 & 19.2.-299.1. Specifically, petitioner contends that the trial court (a) allowed the Commonwealth's attorney to present victim impact testimony without first having sought leave of the court to do so and (b) allowed victim impact witnesses to offer testimony outside the scope of the statute. Pet., Mem. in Supp. at 25-27. Claim 3 concerns petitioner's challenge to the effectiveness of the trial counsel's assistance. Specifically, petitioner contends that counsel was ineffective for (a) failing to preserve properly his claims that the victim impact testimony was admitted without court leave and beyond the statute's scope, (b) failing to preserve properly his objection to the definition of "obscene display," and (c) failing to preserve properly his objection to the "constitutional argument of statute, as applied." Pet., Mem. in Supp. at 27-29.

Claim 2(a) and claims 3(a), 3(b) and 3(c) are not exhausted because petitioner has not

presented them to any Virginia court, either on direct review or in his petition for a writ of habeas corpus. Moreover, petitioner would now be barred by Virginia Code §§ 8.01-654(B)(2) and (A)(2), both adequate and independent rules of state procedural default, see Weeks v. Angelone, 176 F.3d 249, 270, 273 (4th Cir. 1999), from raising these claims in state court. Moreover, claim 2(b), in which petitioner contends that the trial court's admission into evidence of testimony from victim impact witnesses in violation of Virginia. Code § 19.2-299.1 violated his right to due process, was not "fairly presented" to any state court. See Matthews, 105 F.3d at 910-11. Although petitioner argued on direct appeal that the trial court erred in allowing victim impact witnesses to offer testimony outside of the scope of Virginia. Code § 19.2-299.1, he did not argue that this alleged violation of state law violated his constitutional right to due process. As such, because petitioner did not properly present both the operative facts and controlling legal principles raised in claim 2(b) to the Supreme Court of Virginia, this claim is not exhausted. However, because petitioner is precluded by Virginia. Code §§ 8.01-654(B)(2) and (A)(2) from raising claim 2(b) in state court, it will be treated as simultaneously exhausted and procedurally defaulted. Petitioner has neither shown cause to excuse his default nor prejudice resulting from a lack of review. Therefore, the Court will not consider the allegations raised in claims 2 and 3. As claim 1 was properly exhausted before the Supreme Court of Virginia, the Court will address it on merits.

## IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state

court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## V. Merits

Claim 1 concerns petitioner's challenge to the sufficiency of the evidence supporting his conviction for two counts of indecent exposure, in violation of Virginia. Code § 18.2-387.[2] Specifically, petitioner contends that he did not violate Virginia. Code § 18.2-387 as a matter of law because the statute prohibits only conduct committed at least partially in the nude. Petitioner raised this claim to the Court of Appeals of Virginia, which ultimately disagreed, interpreting the statute

---

[2] Va. Code § 18.2-387 prohibits any person from making an "obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present ...."

8

to prohibit "masturbation in a public place, in a manner obvious to all," whether or not the defendant exposed his genitals to sight. Moses, 611 S.E.2d at 609-10. The Supreme Court of Virginia refused petitioner's appeal without explanation. Moses, R. No. 051012, slip op. Accordingly, the reasoning of the Court of Appeals of Virginia is imputed to the Supreme Court of Virginia. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

A federal court may not issue a writ of habeas corpus to a prisoner in custody pursuant to the judgment of a state court unless the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Rule 1(a)(1), Rules Governing Section 2254 Cases in the United States District Courts. Thus, claims arising from state law are not cognizable grounds for habeas corpus relief under § 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law [as] it is not the province of a federal court reexamine state-court determinations on state-law questions.") (internal citations and quotations omitted); see Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976). In reviewing petitioner's habeas challenge to the sufficiency of the evidence supporting his indecent exposure convictions, the Court is bound by the state court's interpretation of the crime and its elements and is therefore limited to reviewing the evidence of record to ensure that the prosecution presented all elements of the offense of conviction. See Jackson v. Virginia, 443 U.S. 307, 324 & n.16 (1979). It is well-established that a "state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citing Estelle, 502 U.S. at 67-68); Powell v. Kelly — F.Supp.2d —, No. 1:07cv59, 2008 WL 130823, at * 9 (E.D.Va. Jan. 11, 2008); see also Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). Thus, a federal

court reviewing a sufficiency challenge such as the one raised by petitioner is bound by the state court's determination of the definition of the crime and its elements, and a petitioner is entitled to habeas relief only if it is found upon the record evidence that no rational trier of fact could have found guilt beyond a reasonable doubt. See Jackson, 443 U.S. at 324. & n.16.

The main thrust of petitioner's argument is that the Court of Appeals of Virginia improperly interpreted Virginia. Code § 18.2-387 to include conduct which did not occur in the nude. However, this argument essentially asks this Court to conclude that the Court of Appeals of Virginia, and, by extension, the Supreme Court of Virginia, incorrectly interpreted a question of Virginia law. Such an argument does not present a cognizable basis for habeas corpus relief. 28 U.S.C. § 2254(a). Moreover, although petitioner correctly points out that the Commonwealth did not establish that petitioner's conduct occurred in the nude, as the Court of Appeals of Virginia held, Virginia. Code § 18.2-387, which criminalizes "obscene display[s] or exposure of one's person or private parts in a public place," includes conduct which does not expose the genitals to sight. Moses, 611 S.E.2d at 363 (first emphasis added, second emphasis in original) (internal quotations omitted). According to the court, under Virginia law, an actor can effectively "display" an object, even if that object is "completely hidden" from view, because the notion of "display" encompasses behavior or conduct that is "manifested to any of a victim's senses." Id. In light of this binding interpretation, see Bradshaw, 546 U.S. at 76, the Court concludes that the evidence was sufficient to support petitioner's conviction on the two indecent exposure counts because the trial court had before it testimonial evidence from the victims that petitioner "displayed" his person or private parts to them by masturbating in public. Because a rational trier of fact could have found petitioner guilty of indecent exposure, the state court's rejection of claim 1 was neither contrary to, nor an unreasonable

application of, clearly established federal law. As such, claim 1 will be dismissed.

## VI. Conclusion

For the foregoing reasons, petitioner's Motion to Set Aside respondent's Rule 5 Answer and Motion to Dismiss will be denied. Respondent's Motion to Dismiss will be granted and the instant petition for a writ of habeas corpus will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 4th day of February 2008.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia